# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:17CR00033 |
| v. | ) **OPINION AND ORDER** |
| | ) |
| JAMES DAVID CNOCKAERT, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for United States; James David Cnockaert, Pro Se Defendant.*

The defendant has requested early termination of his current term of supervised release. I will grant his motion.

The defendant, James Edward Cnockaert, was sentenced on March 26, 2010, to 36 months imprisonment by the United States District Court for the District of Montana for possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). In addition to the sentence of incarceration, a term of supervised release of 10 years was imposed. After the defendant's release from prison, his supervision was transferred to this district pursuant to 18 U.S.C. § 3605. As of December 21, 2017, he will have served five years of supervision by this court. The defendant has now moved to terminate his supervision. *See* 18 U.S.C. § 3583(e)(1) (permitting court to terminate supervision at any time after the

expiration of one year, if the court is satisfied that such action is warranted by the conduct of the defendant and the interest of justice). The court held a hearing on the motion, at which time the defendant was questioned under oath at length by the court and the assistant United States attorney.

The decision whether to terminate supervision under § 3583(e)(1) is within the discretion of the court. *United States v. Christy*, No. 5:89-CR-9-1F, 2012 WL 441445, at *1 (E.D.N.C. Feb. 10, 2012). The phrase "in the interest of justice" in the statute gives the court "latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period." *United States v. Pregent*, 190 F.3d 279, 282-83 (4th Cir. 1999).

The defendant is 63 years old. Before his imprisonment, he had a long career as a sports reporter and editor. He has written three books on college sports. Other than his present conviction, he has no prior criminal convictions or arrests. Once divorced, he has been married to his present wife since 1994. He is presently employed by an environmental services company and his immediate supervisor as well as the manger of the company testified at the hearing before this court that he has been an outstanding employee. According to the Presentence Investigation Report ("PSR") submitted at his 2010 sentencing, both his present and former wife speak highly of him, as do his three grown daughters from his former marriage. He has not violated any of the conditions of his supervised release and had no rule

infractions during his prison incarceration. As a condition of his supervision, the defendant has successfully completed a sex offender treatment program.

Cnockaert was originally charged with both receipt and possession of child pornography and pleaded not guilty to both charges, but was convicted at a bench trial. Later, the trial judge set aside the receipt conviction.[1] At the hearing before this court, the defendant admitted that he had in fact viewed child pornography on a computer.

The United States opposes termination of supervision, although it has not pointed to any particularized risk of such termination.

While supervision should seek to protect the public from further crimes of the defendant, it also "fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000); *see* U.S. Sentencing Guidelines Manual § 7A1.4 (U.S. Sentencing Comm'n 2016) ("[T]he [U.S. Sentencing] Commission determined that the purpose of supervision for probation and supervised release should focus on the integration of the violator into the community, while providing the supervision designed to limit further criminal conduct.").

---

[1] The receipt count carried a mandatory minimum sentence of imprisonment of five years, 18 U.S.C. § 2252A(b)(1), while the possession count carried no mandatory sentence, 18 U.S.C. § 2252A(b)(2). The defendant was sentenced below the guideline range of incarceration. See PSR ¶ 84 (guideline range calculated at 51 to 63 months). There was a required term of supervised release of at least five years. 18 U.S.C. § 3583(k).

I find that the defendant's sentence, including his supervised release, has produced appropriate deterrence to future criminal conduct, as well as substantial rehabilitation. While no one can be certain that the defendant may not again violate the law, even if he serves his full ten-year term of supervision, I find him to be remorseful of his serious crime and now dedicated to living a lawful life. I do not believe that further supervision will enhance the deterrence or rehabilitation already produced.

Accordingly, it **ORDERED** that the defendant's supervision is terminated effective as of December 21, 2017.

                ENTER: November 20, 2017

                /s/ James P. Jones
                United States District Judge